IN THE CIRCUIT COURT OF THE
NINTH JUDICIAL CIRCUIT IN AND
FOR ORANGE COUNTY, FLORIDA

BOUCHAIB SALAH, an individual,

    Plaintiff,

v.

MARRIOTT INTERNATIONAL, INC.,
a Delaware for Profit Corporation, d/b/a
JW MARRIOTT GRAND LAKES,

    Defendant.

_____/

**Injunctive and declaratory relief,
and jury trial requested**

## VERIFIED COMPLAINT

**COMES NOW** the Plaintiff, BOUCHAIB SALAH ("Salah" or "Plaintiff"), by and through

his undersigned counsel, and hereby submits his Verified Complaint against the Defendant,

MARRIOTT INTERNATIONAL, INC. ("Defendant"), a Delaware for Profit Corporation, d/b/a,

JW MARRIOTT GRAND LAKES, and the Plaintiff asserts as follows:

### INTRODUCTION

1.    Plaintiff was subjected to illegal actions by Defendants, including illegal employment

actions under the Florida Civil Rights Act of 1992 (the "FCRA"), *Fla. Stat.* §760, *et seq.*; Title VII of

the Civil Rights Act of 1964, 42 U.S.C., §2000e, *et seq.* ("Title VII") as amended by the Civil Rights

Act of 1991; and *Fla. Stat.* §448.101, *et seq.*, also known as Florida's Private Whistle-blower's Act.

2.    Salah, a male of Arabic descent, asserts that his former employer, Defendant

Marriott, subjected him to unlawful, severe and pervasive workplace harassment, hostility and

humiliation, based on his national origin. Even after he openly complained about and reported the

occurrence of such hostility and harassment, the Defendant failed to undertake a reasonable

investigation in to the reports and complaints of harassment, and failed to provide prompt remedial

measures to address the harassment and hostility, and so it continued, in violation of the FCRA and Title VII.

3.      Salah also experienced other employment discrimination in the Marriott workplace based on his national origin, including but not limited to the termination of his employment, and other adverse employment actions taken against him, for reasons not equally applied to all employees regardless of national origin.  Said discrimination directly and adversely affected the terms and conditions of his employment with the Defendant and was in violation of the FCRA and Title VII.

4.      Salah further asserts that after he tendered reports and complaints about being subjected to humiliating and insulting remarks in Defendant's workplace based on his national origin and ethnicity (said complaints comprising "protected activity" under the FCRA, Title VII, and *Fla. Stat.* §448.101, *et seq.*), not only did the workplace harassment and hostility he complained of continue, but he was unlawfully retaliated against in reprisal for his complaints.  Said retaliation included but in no way is limited to the termination of his employment, and other adverse employment actions taken against him, for reasons not equally applied to all employees regardless of previous protected activity.  Said retaliation directly and adversely affected the terms and conditions of his employment with the Defendant and was in violation of the FCRA, Title VII, and *Fla. Stat.* §448.101, *et seq.*

5.      Moreover, Salah also reported his objections to certain of Marriott's management personnel that certain Marrioitt employees, in the Marriott workplace, were involved in exchanging or otherwise distributing illegal drugs with other Marrioitt employees while performing their jobs for Marriott.  Again, such objections constitute "protected activity" under *Fla. Stat.* §448.101, *et seq.* Subsequent to said reports, not only did Marriott management personnel ignore and ratify these

unlawful activities, but Salah was retaliated against for his reports in violation of *Fla. Stat.* §448.101, *et seq.* Said retaliation included but in no way is limited to the termination of his employment, and other adverse employment actions taken against him, for reasons not equally applied to all employees regardless of previous protected activity under *Fla. Stat.* §448.101, *et seq.*

6.      Plaintiff's damages are in excess of $15,000, exclusive of interest and costs, and attorneys' fees, as well as for the equitable relief requested herein.

7.      Plaintiff reserves the right to amend this Complaint to include as Defendants any "subsidiary, affiliate and partner" of Defendant that proves to also be the employer of Plaintiff as defined or otherwise contemplated by the referenced statutes.

## JURISDICTION, VENUE, AND PARTIES

8.      This Court has subject matter jurisdiction under Florida Statutes, chapter 760, and others, and venue is proper in the Circuit Court of the Ninth Judicial Circuit, in and for Orange County, Florida, pursuant to *Fla. Stat.* §47.011, because the unlawful employment practices were committed by the Defendant who operates a going business in this judicial circuit, the Plaintiff was employed by the Defendant in this judicial circuit, and the majority of the material witnesses to the unlawful acts and omissions complained of herein reside or are employed within this judicial circuit.

9.      Plaintiff Salah is an individual *sui juris* who at all times relevant herein was a resident of Orange County, State of Florida.  Salah is a male and of Arabic national origin and descent and is thus a member of those protected classes under Title VII and the FCRA.

10.      At all times relevant herein, Defendant Marriott International operated and/or managed and maintained employees, agents, and/or representatives, affiliates, subsidiaries and partners at its business office located at 4040 Central Florida Parkway, Orlando, Florida 32837,

3

including but not limited to Bell and other employees more fully identified below, and is therefore
an "employer" for purposes of the FCRA and Title VII, as well as *Fla. Stat.* §448.101, *et seq.*

## COMPLIANCE WITH PROCEDURAL REQUIREMENTS

11.     Salah timely dual filed a Charge of Discrimination with the Equal Employment
Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR")
and is timely filing this lawsuit.

12.     All conditions precedent to the filing of this lawsuit have been met or otherwise
waived and Plaintiff has exhausted all administrative remedies available to and required of him prior
to filing this lawsuit.

## FACTUAL ALLEGATIONS

13.     Salah commenced employment with Marriott as a banquet server in the Marriott
World Center in Lake Buena Vista on or about February 23, 1987.  He remained employed in that
location for approximately sixteen years as a banquet server and later as a banquet and beverage
captain.

14.     Salah then transferred to the JW Marriott Grande Lakes on or about September,
2003, where he remained employed in the position of banquet and beverage captain, until Marriott
unilaterally terminated his employment on or about July 18, 2005.

15.     During the eighteen plus years of his employment with Marriott, Salah's employment
performance was without question outstanding.  This fact is evidenced by the demonstrable absence
of any substantive employment discipline or other corrective actions taken against him as well as the
length of his employment tenure with the Defendant.

16.     Nevertheless, after being transferred from the Marriott World Center to JW Marriott
Grande Lakes in 2003, Salah began to experience severe and pervasive national origin based

4

harassment from some of his fellow Marriott employees because of his Arabic national origin and ethnicity.

17.     The first such instance of Salah experiencing harassment and hostility based on his national origin occurred early in 2005, when his immediate supervisor, Yaniv Franco ("Franco"), a Jewish male, observed a wooden camel figurine in Salah's office and remarked, "You know that you are not allowed to bring your car onto property."

18.     On another occasion, after Salah and his wife had returned from a cruise, a Caucasian manager named Sean Kenney, asserted, " [1]Bob, I see you made it through immigration okay."

19.     On or about February, 2005, a female Marriott employee stated in Salah's presence, that she hated all Muslims.  Salah immediately reported and complained about this open and hateful hostility, as well as the other referenced harassment and hostilities to Franco, and said report and complaint constituted protected activity under the FCRA and Title VII.  Franco advised Salah that he would address the issue, but never did.  Thus, the workplace harassment and hostility that Salah was experiencing as an Arab American continued unabated.

20.     For example, yet another instance of the humiliation and harassment he endured as an Arab American Marriott employee occurred thereafter, on or around March, 2005, when Salah was in the Marriott break room one day.  Franco walked in to the break room and observed two Muslim employees praying on a mat in the corner of the break room, and remarked, "Is that Muslim gymnastics?"

21.     Worse yet, on more than one occasion, Salah was asked by Marriott employees at JW

---

[1] After commencing employment with Marriottt, Salah was informed he would be referred to as "Bob" because managers at Marriott felt "Bouchaib" was too difficult to pronounce.

Marriott Grande Lakes if his relatives were among those responsible for the September 11, 2001 attacks in New York. On each such occasion, Salah sadly expressed his embarrassment and humiliation at such remarks in the direct presence of various Marriott management personnel, and asked that they not continue. On each such occasion that he did so, his complaints and requests constituted protected activity under the FCRA, Title VII and *Fla. Stat.* §448.101, *et seq.*

22.     Unfortunately, not only was no reasonable investigation into Salah's reports of the unlawful harassment and hostility undertaken by Marriott management, but no remedial measures, prompt or otherwise, were ever pursued or taken, and so, the national origin based workplace harassment and hostility continued against Salah.

23.     Not only did Marriott unlawfully fail to investigate and remedy Salah's reports of the harassment and hostility, but within a couple of months of his latest reports and complaints, detailed more fully above, his employment was unilaterally terminated in retaliation thereto.

24.     Simultaneous to the unlawful, humiliating and retaliatory workplace treatment endured by Salah, he also observed that certain Marriott employees were involved in exchanging or otherwise distributing illegal drugs with other Marrioitt employees while performing their jobs for Marriott. Salah was appalled at such activity, and, on more than one occasion in 2005, he openly objected to and refused to participate in these unlawful activities, and reported them to various Marriott management personnel.

25.     In doing so, Salah engaged in protected activity for purposes of *Fla. Stat.* §448.101, *et seq.* However, despite Salah's objections to and refusals to participate in the above described unlawful activities, Marriott management personnel did nothing to address the unlawful activities and thus ratified their continued occurrence in the Marriott workplace.

26.     Not only did Marriott management personnel ratify the unlawful activities of

6

Marriott's employees, but they also retaliated against Salah for his objections to and refusals to participate in said activities through taking retaliatory and adverse employment actions against Salah, including but not limited to terminating his employment for reasons not equally applied to all employees regardless of previous protected activity under *Fla. Stat.* §448.101, *et seq.*

27.     Indeed, on or about early July, 2005, Salah was approached by one of his harassers, his supervisor Franco, who informed him that he had been summoned by Ellen Weitzel ("Weitzel"), Marriott's local Human Resources Director.  When he appeared before Weitzel, she informed him that employees had allegedly reported to her that Salah had made female employees "do the dishes", had called an associate "a little Jew", and had asked two female associates out on dates.

28.     Salah was flabbergasted at Weitzel's comments because they were wholly untrue. However, when Salah learned the identity of some of his accusers, i.e., he realized that they were apparently the same ones who he had either complained about insulting and humiliating him because of his national origin, or those whose illegal activities he had previously reported.

29.     At that point it was clear to Salah that he was being unlawfully retaliated against for reporting and complaining about being harassed and humiliated by his fellow Marriott employees and Marriott management personnel due to his national origin, for reporting the unlawful activities of Marriott employees as more fully detailed above, and for being of Arabic descent.

30.     He immediately informed Weitzel that the accusations she apprised him of were completely untrue.  But despite his protests and his request that he be formally interviewed and given an opportunity to respond to the baseless allegations, he was never allowed to do so.

31.     Instead, Weitzel informed him that he was immediately being sent home pending an investigation into the purported complaints against him.  A few days later, Salah, without ever being interviewed, or allowed to participate in any purported investigation, and without ever being

7

provided an opportunity to formally respond to or rebut the allegations against him, was notified by Weitzel that his employment with Marriott was terminated.

32.     Any purported reasons asserted as legitimate non-discriminatory or non-retaliatory reasons for the termination of Salah's employment, or for Marriott's failure to investigate and its failure to remedy Salah's previous reports and complaints of national origin based workplace harassment and hostility, are a pretext.  Moreover, Defendant Marriott failed to follow its own employment policies through its failure to apply its policy of progressive discipline, if any discipline, to Salah, and instead terminated his employment without progressive discipline or even hearing his version of events.

33.     As a direct, natural, proximate and foreseeable result of the actions and omissions of Defendant Marriott, as more fully detailed above, Salah has incurred past and future pecuniary losses, emotional pain and suffering, inconvenience, humiliation, mental anguish, loss of dignity, and other non-pecuniary losses and other intangible injuries.  Salah is represented in this matter by the undersigned law firm and has agreed to pay said firm a reasonable fee for its services.

34.     The aforesaid activities and omissions by Defendant Marriott constitute a variety of unlawful acts in derogation of Salah's rights as an employee and citizen of the State of Florida, and they materially affected the terms and conditions of his employment in violation of the FCRA , Title VII and his employment rights under *Fla. Stat.* §448.101, *et seq.*

35.     Moreover, the aforesaid activities and omissions were undertaken by Defendant Marriott in a wanton and willful disregard for his dignity and safety, with a reckless and gross indifference to its lawful obligations to Salah.  Defendant Marriott's actions and omissions described more fully above,  were grossly intentional, negligently reckless, willful, wanton and malicious, and oppressive and unmindful of Defendant's obligations to Salah.  Said actions and omissions rise to

the level of a presumption of conscious indifference to the consequences of their actions and omissions, so as to warrant the imposition of punitive damages in an additional amount to sufficiently punish, penalize and deter the Defendant, and they are liable to Plaintiff for same.

**WHEREFORE**, Plaintiff Bouchaib Salah demands judgment against the Defendant for back pay, reinstatement, or front pay in lieu of reinstatement, other compensatory damages, statutory prejudgment interest, injunctive and declaratory relief, punitive damages, attorneys' fees and costs of litigation, and any other such relief as is available under the referenced statutes or common law, and any and all other relief that this court deems just and proper.

## COUNT I

### VIOLATION OF THE FCRA:
### HARASSMENT AND HOSTILE WORK ENVIRONMENT
### BASED ON NATIONAL ORIGIN

36.    This is an action against Defendant Marriott for its violation of the FCRA by unlawfully allowing, and refusing to remedy, the above described unlawful national origin based harassment and hostile work environment experienced by Salah as an employee of Defendant.

37.    Salah realleges and reasserts each and every allegation set forth in paragraphs numbered 1 through 35 above, as if fully set forth herein.

38.    As a person of Arabic descent and national origin, Salah is a member of a class protected by the FCRA.

39.    During Salah's employment with Marriott, he was subjected to repeated and unwelcome, offensive, humiliating, degrading comments and treatment in regard to his national origin.  Moreover, Defendant permitted and then condoned that Salah be subjected to the offending harassment and hostility.

40.    Defendant caused and/or knew of the hostile work environment and failed to take

9

remedial action, despite its knowledge of and previous reports and complaints that Salah was experiencing humiliating ethnic remarks concerning his national origin from other of Defendant's employees.

41.     Thus, Salah was subjected to offensive acts and/or statements because of his national origin.  These acts and statements were severe and pervasive, offensive, unwelcome and unsolicited, either directly or indirectly, by Salah's own acts or statements.

42.     The unlawful harassment and hostility Salah was subjected to was sufficiently severe and pervasive to alter the terms and conditions of his employment.

43.     As a direct, natural, proximate and foreseeable result of Defendant Marriott's actions and omissions, Salah has suffered and continues to suffer past and future pecuniary losses, emotional pain, suffering, inconvenience, humiliation, mental anguish, loss of enjoyment of life, loss of dignity, and other non-pecuniary losses and intangible injuries, and has incurred attorneys' fees and other costs of litigation in bringing this action.

44.     The conduct of the Defendant Marriott was grossly intentional, negligently reckless, willful, wanton, malicious, oppressive, and/or unmindful of obligations to Salah and/or exhibited that entire want of care which would rise to the presumption of conscious indifference to the consequences, so as to warrant the imposition of punitive damages in an amount sufficient to punish, penalize or deter Defendant and Defendant is liable to Plaintiff for same.

**WHEREFORE**, Salah demands judgment against Defendant Marriott for back pay, reinstatement, or front pay in lieu of reinstatement, compensatory damages, prejudgment interest, injunctive and declaratory relief, punitive damages, attorneys' fees, costs of this action, and such other relief as this Court deems just and proper.

## COUNT II

### VIOLATION OF THE FCRA:
### NATIONAL ORIGIN DISCRIMINATION -
### TERMINATION OF EMPLOYMENT

45.     This is an action against Defendant Marriott for its unlawful national origin based discrimination against Salah, resulting in the unlawful termination of his employment for reasons not equally applied to all similarly situated employees regardless of national origin and in violation of the FCRA.

46.     Salah realleges and reasserts each and every allegation set forth in paragraphs numbered 1 through 35 above, as if fully set forth herein.

47.     As a person of Arabic descent and national origin, Salah is a member of a class protected by the FCRA.

48.     Despite over 18 years of exemplary employment service for Marriott, Salah's employment was terminated without the application of progressive discipline, without notice and for reasons not equally applied to all similarly situated employees regardless of their ethnic ancestry and national origin.

49.     The unlawful, national origin based termination of Salah's employment by the Defendant, was sufficiently unjustified and unlawful as to alter the terms and conditions of his employment with the Defendant.

50.     As a direct, natural, proximate and foreseeable result of Defendant's actions and omissions, Salah has suffered and continues to suffer past and future pecuniary losses, emotional pain, suffering, inconvenience, humiliation, mental anguish, loss of enjoyment of life, loss of dignity, and other non-pecuniary losses and intangible injuries, and has incurred attorneys' fees and other costs of litigation in bringing this action.

51.     The conduct of the Defendant Marriott was grossly intentional, negligently reckless, willful, wanton, malicious, oppressive, and/or unmindful of obligations to Salah and/or exhibited that entire want of care which would rise to the presumption of conscious indifference to the consequences, so as to warrant the imposition of punitive damages in an amount sufficient to punish, penalize or deter Defendant and Defendant is liable to Plaintiff for same.

WHEREFORE, Salah demands judgment against Defendant Marriott for back pay, reinstatement, or front pay in lieu of reinstatement, compensatory damages, prejudgment interest, injunctive and declaratory relief, punitive damages, attorneys' fees, costs of this action, and such other relief as this Court deems just and  proper.

## COUNT III

### VIOLATION OF THE FCRA:
### RETALIATION

52.     This is an action against Defendant Marriott for its unlawful retaliation against Salah in violation of the FCRA.  Defendant retaliated against Salah and took adverse employment actions against him, including but not limited to the unilateral termination of his employment, because he engaged in protected activity, as more fully detailed above and as defined by the FCRA.

53.     Salah realleges and reasserts each and every allegation set forth in paragraphs numbered 1 through 35 above, as if fully set forth herein.

54.     As a person of Arabic descent and national origin, Salah is a member of a class protected by the FCRA.

55.     During Salah's employment with Defendant Marriott, he was subjected to repeated unwelcome, offensive, humiliating and degrading remarks regarding his ethnic ancestry and national origin by fellow Marriott employees, as well as Marriott management personnel.

56.     Salah repeatedly complained about and reported to various members of Defendant's

12

management personnel, including but in no way limited to Franco, of the continuing occurrence of the unlawful hostility and harassment Salah was enduring as a Marriott employee. These reports and complaints each constitute protected activity as defined and contemplated by the FCRA.

57.     Defendant Marriott not only repeatedly failed to address, investigate or remedy the unlawful hostility and harassment endured by Salah, it instead retaliated against Salah through adverse employment actions against him, including but not limited to the unilateral termination of his employment for reasons not equally applied to all Marriott employees regardless of prior protected activity.

58.     The unlawful retaliation experienced by Salah after he engaged in protected activity as a Marriott employee was sufficiently adverse to alter the terms and conditions of his employment with Marriott.

59.     As a direct, natural, proximate and foreseeable result of Defendant Marriott's actions and omissions, Salah has suffered and continues to suffer past and future pecuniary losses, emotional pain, suffering, inconvenience, humiliation, mental anguish, loss of enjoyment of life, loss of dignity, and other non-pecuniary losses and intangible injuries, and has incurred attorneys' fees and other costs of litigation in bringing this action.

60.     The conduct of the Defendant Marriott was grossly intentional, negligently reckless, willful, wanton, malicious, oppressive, and/or unmindful of obligations to Salah and/or exhibited that entire want of care which would rise to the presumption of conscious indifference to the consequences, so as to warrant the imposition of punitive damages in an amount sufficient to punish, penalize or deter Defendant Marriott, and Defendant is liable to Plaintiff for same.

**WHEREFORE**, Salah demands judgment against Defendant Marriott for back pay, reinstatement, or front pay in lieu of reinstatement, compensatory damages, prejudgment interest,

injunctive and declaratory relief, punitive damages, attorneys' fees, costs of this action, and such other relief as this Court deems just and proper.

## COUNT IV

### VIOLATION OF TITLE VII:
### HARASSMENT AND HOSTILE WORK ENVIRONMENT
### BASED ON NATIONAL ORIGIN

61.     This is an action against Defendant Marriott for its violation of Title VII by unlawfully allowing, and refusing to remedy, the above described unlawful national origin based harassment and hostile work environment experienced by Salah as an employee of Defendant.

62.     Salah realleges and reasserts each and every allegation set forth in paragraphs numbered 1 through 35 above, as if fully set forth herein.

63.     As a person of Arabic descent and national origin, Salah is a member of a class protected by Title VII.

64.     During Salah's employment with Marriott, he was subjected to repeated unwelcome, offensive, humiliating, degrading comments and treatment in regard to his national origin. Moreover, Defendant permitted and then condoned that Salah be subjected to the offending harassment and hostility.

65.     Defendant caused and/or knew of the hostile work environment and failed to take remedial action, despite its knowledge of and previous reports and complaints that Salah was experiencing humiliating ethnic remarks concerning his national origin from other of Defendant's employees.

66.     Thus, Salah was subjected to offensive acts and/or statements because of his national origin.  These acts and statements were severe and pervasive, offensive, unwelcome and unsolicited, either directly or indirectly, by Salah's own acts or statements.

14

67.   The unlawful harassment and hostility Salah was subjected to was sufficiently severe and pervasive to alter the terms and conditions of his employment.

68.   As a direct, natural, proximate and foreseeable result of Defendant Marriott's actions and omissions, Salah has suffered and continues to suffer past and future pecuniary losses, emotional pain, suffering, inconvenience, humiliation, mental anguish, loss of enjoyment of life, loss of dignity, and other non-pecuniary losses and intangible injuries, and has incurred attorneys' fees and other costs of litigation in bringing this action.

69.   The conduct of the Defendant Marriott was grossly intentional, negligently reckless, willful, wanton, malicious, oppressive, and/or unmindful of obligations to Salah and/or exhibited that entire want of care which would rise to the presumption of conscious indifference to the consequences, so as to warrant the imposition of punitive damages in an amount sufficient to punish, penalize or deter Defendant and Defendant is liable to Plaintiff for same.

**WHEREFORE**, Salah demands judgment against Defendant Marriott for back pay, reinstatement, or front pay in lieu of reinstatement, compensatory damages, prejudgment interest, injunctive and declaratory relief, punitive damages, attorneys' fees, costs of this action, and such other relief as this Court deems just and proper.

## COUNT V

### VIOLATION OF TITLE VII:
### NATIONAL ORIGIN DISCRIMINATION -
### TERMINATION OF EMPLOYMENT

70.   This is an action against Defendant Marriott for its unlawful national origin based discrimination against Salah, resulting in the unlawful termination of his employment for reasons not equally applied to all similarly situated employees regardless of national origin and in violation of Title VII.

15

71.    Salah realleges and reasserts each and every allegation set forth in paragraphs numbered 1 through 35 above, as if fully set forth herein.

72.    As a person of Arabic descent and national origin, Salah is a member of a class protected by Title VII.

73.    Despite over 18 years of exemplary employment service for Marriott, Salah's employment was terminated without the application of progressive discipline, without notice and for reasons not equally applied to all similarly situated employees regardless of their ethnic ancestry and national origin.

74.    The unlawful, national origin based termination of Salah's employment by the Defendant, was sufficiently unjustified and unlawful as to alter the terms and conditions of his employment with the Defendant.

75.    As a direct, natural, proximate and foreseeable result of Defendant's actions and omissions, Salah has suffered and continues to suffer past and future pecuniary losses, emotional pain, suffering, inconvenience, humiliation, mental anguish, loss of enjoyment of life, loss of dignity, and other non-pecuniary losses and intangible injuries, and has incurred attorneys' fees and other costs of litigation in bringing this action.

76.    The conduct of the Defendant Marriott was grossly intentional, negligently reckless, willful, wanton, malicious, oppressive, and/or unmindful of obligations to Salah and/or exhibited that entire want of care which would rise to the presumption of conscious indifference to the consequences, so as to warrant the imposition of punitive damages in an amount sufficient to punish, penalize or deter Defendant and Defendant is liable to Plaintiff for same.

**WHEREFORE**, Salah demands judgment against Defendant Marriott for back pay, reinstatement, or front pay in lieu of reinstatement, compensatory damages, prejudgment interest,

injunctive and declaratory relief, punitive damages, attorneys' fees, costs of this action, and such other relief as this Court deems just and proper.

## COUNT VI

### VIOLATION OF TITLE VII:
### RETALIATION

77.    This is an action against Defendant Marriott for its unlawful retaliation against Salah in violation of Title VII.  Defendant retaliated against Salah and took adverse employment actions against him, including but not limited to the unilateral termination of his employment, because he engaged in protected activity, as more fully detailed above and as defined by Title VII.

78.    Salah realleges and reasserts each and every allegation set forth in paragraphs numbered 1 through 35 above, as if fully set forth herein.

79.    As a person of Arabic descent and national origin, Salah is a member of a class protected by Title VII.

80.    During Salah's employment with Defendant Marriott, he was subjected to repeated unwelcome, offensive, humiliating and degrading remarks regarding his ethnic ancestry and national origin by fellow Marriott employees, as well as Marriott management personnel.

81.    Salah repeatedly complained about and reported to various members of Defendant's management personnel, including but in no way limited to Franco, of the continuing occurrence of the unlawful hostility and harassment Salah was enduring as a Marriott employee.  These reports and complaints each constitute protected activity as defined and contemplated by Title VII.

82.    Defendant Marriott not only repeatedly failed to address, investigate or remedy the unlawful harassment endured by Salah, it instead retaliated against Salah through adverse employment actions against him, including but not limited to the unilateral termination of his employment for reasons not equally applied to all Marriott employees regardless of prior protected

17

activity.

83.     The unlawful retaliation experienced by Salah after he engaged in protected activity
as a Marriott employee was sufficiently adverse to alter the terms and conditions of his employment
with Marriott.

84.     As a direct, natural, proximate and foreseeable result of Defendant Marriott's actions
and omissions, Salah has suffered and continues to suffer past and future pecuniary losses,
emotional pain, suffering, inconvenience, humiliation, mental anguish, loss of enjoyment of life, loss
of dignity, and other non-pecuniary losses and intangible injuries, and has incurred attorneys' fees
and other costs of litigation in bringing this action.

85.     The conduct of the Defendant Marriott was grossly intentional, negligently reckless,
willful, wanton, malicious, oppressive, and/or unmindful of obligations to Salah and/or exhibited
that entire want of care which would rise to the presumption of conscious indifference to the
consequences, so as to warrant the imposition of punitive damages in an amount sufficient to
punish, penalize or deter Defendant Marriott, and Defendant is liable to Plaintiff for same.

     **WHEREFORE**, Salah demands judgment against Defendant Marriott for back pay,
reinstatement, or front pay in lieu of reinstatement, compensatory damages, prejudgment interest,
injunctive and declaratory relief, punitive damages, attorneys' fees, costs of this action, and such
other relief as this Court deems just and  proper.

**COUNT VII**

**VIOLATION OF F.S. §448.101, *et seq.*:**

86.     This is an action against Defendant Marriott for its unlawful retaliation against Salah
in violation of *Fla. Stat.* §448.101, *et seq.* Defendant retaliated against Salah and took adverse
employment actions against him, including but not limited to the unilateral termination of his

18

employment, because he engaged in protected activity, as more fully detailed above and as defined by *Fla. Stat.* §448.101, *et seq.*

87.     Salah realleges and reasserts each and every allegation set forth in paragraphs numbered 1 through 35 above, as if fully set forth herein.

88.     Salah, through his own reports, and the assumed reports of others, of unlawful national origin based hostilities and harassment, and the other, above referenced unlawful drug related activities he objected to in Defendant's workplace, as detailed more fully above, engaged in protected activity under the *Fla. Stat.* §448.101, *et seq.*, in objecting to and refusing to participate in the unlawful acts and omissions of Defendant's employees as ratified by the Defendant.

89.     As a result of Salah engaging in protected activity as detailed more fully above, Defendant Marriott unlawfully retaliated against him by allowing the unlawful and humiliating hostility and harassment to continue, and by terminating his employment in reprisal for his objections to the unlawful drug activities ratified by Defendant Marriott's management personnel, in violation of *Fla. Stat.* §448.101, *et seq.*, specifically *Fla. Stat.* §448.102(3).

90.     As a direct, natural, proximate and foreseeable result of the actions and omissions of Defendant Marriott, Salah has suffered and continues to suffer past and future pecuniary losses, emotional pain, suffering, inconvenience, humiliation, mental anguish, loss of enjoyment of life, loss of dignity, and other non-pecuniary losses and intangible injuries, and has incurred attorneys' fees and other costs of litigation in bringing this action.

**WHEREFORE**, Salah demands judgment against Defendant Marriott for back pay, reinstatement, or front pay in lieu of reinstatement, compensatory damages, prejudgment interest, injunctive and declaratory relief, punitive damages, attorneys' fees, costs of this action, and such other relief as this Court deems just and proper.

## VERIFICATION

I have read the allegations in the foregoing Verified Complaint and, to the best of my

knowledge, they are true and correct.

_Bouchaib Salah_                              Date: _10-13-2006_
BOUCHAIB SALAH


STATE OF FLORIDA            )
                           )
COUNTY OF ORANGE           )

BEFORE ME, the undersigned authority, this _13th_ day of October, 2006, personally
appeared BOUCHAIB SALAH, who is personally known to me, or has produced _a FL_
_Driver's lincense_____ as identification and who did/did not take an oath.
_S400-060-61-294-0_
SWORN TO AND SUBSCRIBED BEFORE ME

this _13th_ day of October, 2006.


_____
Signature of Notary Public

Berclyn Mitchell
My Commission DD269303
Expires February 09, 2008

_Berclyn Mitchell_____
Print Name of Notary Public


My Commission Expires: _February 9, 2008_


19

## DEMAND FOR JURY TRIAL

Plaintiff Bouchaib Salah hereby demands trial by jury on all issues so triable.

Dated this 20th day of October, 2006.

Respectfully submitted by,

BERNARD H. DEMPSEY, JR.
Florida Bar No. 107697
JOSEPH N. LOTT
Florida Bar No. 0184667
DEMPSEY & ASSOCIATES. P.A.
1560 Orange Avenue, Suite 200
Winter Park, Florida 32789
Telephone: (407) 422-5166
Facsimile: (407) 422-8556
Counsel for Plaintiff